# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| LISA CHANDLER | ) |
|     Plaintiff, | ) |
| | ) Civil Action No.: 3:21-cv-502 |
| v. | ) Judge Campbell/Frensley |
| | ) |
| MVT SERVICES, LLC. | ) |
|     Defendant. | ) |

## REPORT AND RECOMMENDATION

For the reasons set forth herein, the undersigned recommends this matter be **DISMISSED WITHOUT PREJUDICE.**

## BACKGROUND

This is an action brought by the Plaintiff alleging that the Defendant did not provide notice of her rights under COBRA to maintain health insurance benefits after her termination from employment. Docket No. 1. The original Complaint was filed on June 30, 2021. *Id.* The Court held a case management conference with the parties and entered an Initial Case Management Order on September 21, 2021. Docket No. 17. Thereafter, the Plaintiff filed an Amended Complaint. Docket No. 18. The matter is set for bench trial on January 17, 2023. Docket No. 21.

Pursuant to the initial case management order, a subsequent case management conference was scheduled for February 16, 2022. Docket No. 17. On that date, counsel for the Defendant participated in the status conference however, counsel for the Plaintiff did not participate. As a result, the Court reset the case management conference for February 23, 2022. Docket No. 22. On that date, counsel for the Defendant again participated in the case management conference as required by the Court's order. Counsel for the Plaintiff did not participate. Defense counsel and the Court attempted to contact Plaintiff's counsel to secure his appearance at the status conference.

dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b). The Court of Appeals for the Sixth Circuit has noted, however, that dismissal under Rule 41(b) is a "harsh sanction" and should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the Plaintiff." *Carter*, 636 F. 2d at 161, *quoting Silas v. Sears, Roebuck & Co., Inc.*, 586 F. 2d 382, 385 (5th Cir. 1978).

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action is a Plaintiff fails to prosecute or to comply with an order of the Court. *See, Jourdan v. Jabe*, 951 F. 2d 108, 109 (6th Cir., 1991). Additionally, Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of inaction or dilatoriness of the party seeking relief." *Link v. Wabash Railroad Co.*, 370 U. C. 626, 630 (1962).

This is not a case of a plaintiff simply filing documents past deadlines or filing inadequate briefs. *See Mulbah v. Detroit Bd. of Educ.*, 261 F. 3d 586, 593-94 (6th Cir. 2001) (finding that the district court abused its discretion by granting a motion to dismiss for failure to prosecute). The Plaintiff's counsel missed two case management conferences scheduled in in this matter. The Court issued an Order asking Plaintiff's counsel to show cause as to why he did not participate in the scheduled case management conferences setting a response deadline of March 4, 2022.

Plaintiff has failed to respond to the show cause order, which, pursuant to this District's indicates that there is no interest in pursuing this matter." Giving due consideration to each of the factors, the Court finds that dismissal for failure to prosecute is an appropriate and necessary sanction, as no alternative sanction "would protect the integrity of pre-trial procedures." *Carter v. City of Memphis*, 636 F. 2d 159, 161 (6th Cir. 1980).

3

All four factors set forth above weigh in favor of dismissal of this case. While dismissal under Rule 41(b) is a "harsh sanction," the Plaintiff has been given every opportunity to participate in this litigation and has chosen not to do so. The Plaintiff has been given ample opportunity to cure the defects and specifically advised on that his failure to cooperate and failure to comply with the Court's orders could lead to dismissal. Given all this, no other further less drastic sanction would be appropriate in this case.

For the reasons set forth herein, the Court respectfully recommends this action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and counsel's failure to respond to the Court's show cause order (Docket No. 23) in this matter.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**IT IS SO ORDERED.**

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**